UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

AMBER BULLINGTON, Civil No. 01-1970 DWF/AJB

Plaintiff,

v. ORDER

WILLIAM M. MERCER, INC.,

Defendant.

---

The above matter came on for consideration before the undersigned Magistrate Judge following the parties' request that the Court review disputed language of a confidentiality clause that had been part of the parties' final settlement agreement reached on April 8, 2002.

The Court having considered the arguments of counsel and their written submissions hereby enters the following order:

1. That the settlement agreement shall contain a confidentiality clause.

2. That language in paragraph 6 in the settlement agreement shall state the following:

6(a). The parties Agree that the terms of this Agreement shall forever be kept confidential and not released to any news media personnel or representatives, or to any other party, entity, person, company, government agency, publication or judicial authority for any reason whatsoever, except as set forth in Paragraphs 6(b) and (c) below;

6(b). Except as provided herein, neither Ms. Bullington nor her attorney, shall disclose, disseminate or publicize, or cause or permit to be disclosed, disseminated or publicized, any of the terms of the

Filed JUL 08 2002
Richard Sletten, Clerk
Judgment Entered ________
Deputy Clerk's Initials ________

Agreement to any person or entity. Ms. Bullington is specifically prohibited from communicating to anyone other than Ms. Bullington's husband, legal counsel, doctors or therapists, or tax advisors regarding this Agreement's terms. If Ms. Bullington chooses to communicate any information to Ms. Bullington's husband, legal counsel, doctor or therapists or tax advisors, Ms. Bullington shall also instruct such persons that information about the Agreement's terms is confidential and that no further disclosure of the information is permitted. Defendant is specifically prohibited from communicating to anyone within the company who does not have a legitimate need to know;

6(c). The parties agree not to disclose, disseminate or publicize, or cause or permit to be disclosed, disseminated or publicized, the fact that Ms. Bullington made claims against Defendant, or the official or colloquial titles of any of those claims (e.g., "pregnancy discrimination" or "violation of Title VII"), or her belief that Defendant violated the law or any particular law, or the statements alleged by Ms. Bullington to have been made at meetings, regarding pregnancy bias. Ms. Bullington may disclose to prospective employers or contractors that she worked for the company, her job title and duties, rate of pay, and other facts that are generally necessary to apply for new work, and Defendant may respond as set forth in Paragraph 12 of this Agreement. Ms. Bullington may discuss other issues that had impact on her personal life (e.g., her health difficulties during her leave of absence, difficulty finding nursing facilities, difficulties *post pardum*), as long as she does not connect those facts to Defendant.

3. The parties are hereby ordered to execute the settlement agreement which shall include languages set forth herein.

4. Any motions made by either party to reopen the case are hereby **denied.**

Dated: July 5, 2002

ARTHUR J. BOYLAN
United States Magistrate Judge

MEMORANDUM

The Court has considered the conflicting positions of the parties relative to the confidentiality agreement. The Court reviewed its notes of the mediation and the arguments of counsel. The Court is confident that the language set forth above reflects the agreement reached in chambers on April 8, 2002.

Any motion by either party to reopen the case is denied. The parties reached a final binding settlement on April 8, 2002. There is no reason to reopen the case. If any party feels aggrieved by the Court's decision it has the right to appeal to the district judge within the time periods allowed under the Rules.

AJB